# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.  Case No. 3:25cr88/MCR

**MICHAEL D. WHITACRE, JR.**
_____/

## FACTUAL BASIS FOR GUILTY PLEA

Defendant Michael D. Whitacre Jr. admits that if this case were to proceed to trial, the government could prove the following facts:

On or about January 9, 2024, the National Center for Missing and Exploited Children (NCMEC) received a cybertip from Discord Inc. (a social media platform) that a particular online user uploaded what appeared to be child pornography. The tip geolocated the user to Escambia County, Florida, so the Sheriff's Office was notified. Investigators reviewed the suspected child pornography but were not convinced it met the definition of having a "minor" involved.

On or about June 24, 2024, NCMEC again received a cybertip from Discord Inc. that a particular online user uploaded what appeared to be child pornography. The tip geolocated the user to Escambia County, Florida, so the Sheriff's Office was notified. Investigators reviewed the suspected child pornography and were convinced it was illegal in nature. The cybertip provided both an email address and

1

Internet Protocol Address for the user.

On or about June 26, 2024, NCMEC received a cybertip from Kik (a different social media platform) that a particular online user uploaded what appeared to be child pornography. The tip geolocated the user to Escambia County, Florida, so the Sheriff's Office was notified. Investigators reviewed the suspected child pornography and were convinced it was illegal in nature. The cybertip provided an Internet Protocol Address for the user that matched the June 24, 2024, cybertip.

Multiple other cybertips were provided to the Escambia County Sheriff's Office that appeared linked to those above. On July 17, 2024, a subpoena was sent to Cox Communications requesting the subscriber information for the Internet Protocol Address utilized by the suspect on June 26, 2024. Cox Communications responded, and the account resolved back to the residence of the defendant.

On February 13, 2025, law enforcement executed a search warrant on the residence of the defendant. The defendant lived in the residence with his elder relatives. The defendant consented to an interview after being advised of his rights pursuant to *Miranda*. Upon interview, the defendant admitted using multiple email addresses – to include those located in the NCMEC cybertips referenced above. The defendant admitted he was the sole user of his cellular telephone and provided its location within the residence.

Upon a forensic examiner opening the defendant's cellular telephone to

2

forensically secure it, text communications were located within that contained child pornography. Such communications were as recent as the morning of the search warrant execution. The defendant's cellular telephone was taken by Homeland Security Investigations for a full forensic examination as part of the Internet Crimes Against Children Task Force operation.

Further forensic examination revealed significant amounts of child pornography located within two applications known as Session and Teleguard. The forensic evidence revealed that, in the online platform known as Session, (a) the defendant personally distributed approximately six videos of child pornography, (b) he received dozens of images/videos of child pornography from others in this Session group, (c) these images/videos involved dozens of minor victims engaged in sexual acts, and (d) there were over 70 conspirators within the Session online group with the defendant. That is, there were more than three persons in the illicit group, more than one victim of child pornography shared amongst the group, and the sharing of this child pornography took place on more than three separate instances. The defendant joined the Session group on or about January 12, 2025, and was detained on February 13, 2025, when the aforementioned search warrant was executed. The naming convention of the Session group the defendant participated in was "NL (B or G) Pervs And . . ."

In total, between Session and Teleguard, the defendant possessed a wealth of

3

images/videos containing child pornography, including images/videos of those under 12 years of age engaged in sexual activity. The defendant admits the indictment, which is incorporated herein, is true and accurate.

## ELEMENTS OF THE OFFENSES

The elements of child exploitation enterprise, in violation of 18 U.S.C. § Sections 2252A(g), as charged in Count One, are:

1. The Defendant knowingly advertised, distributed, received or possessed child pornography on three or more separate incidents;
2. The Defendant knew or had reason to know such advertisement, distribution, receipt or possession implicated interstate or foreign commerce or utilized a facility thereof;
3. The advertisement, distribution, receipt or possession involved more than one minor victim; and
4. The defendant committed these offenses in concert with three or more persons.

The elements of distribution of child pornography, in violation of 18 U.S.C. §§ Sections 2252A(a)(2) and 2252A(b)(1), as charged in Count Three, are:

1. The Defendant knowingly distributed an item or items of child pornography;
2. The item[s] of child pornography had been transported, shipped or mailed in interstate or foreign commerce or by utilizing such a facility, including by computer or cellular telephone on the Internet; and
3. When the Defendant distributed the item[s], the Defendant believed the item[s] were or contained child pornography.

The elements of possession of child pornography, in violation of 18 U.S.C. §§ Sections 2252A(a)(5)(B) and 2252A(b)(2), as charged in Count Five, are:

1. The Defendant knowingly possessed an item or items of child pornography;
2. The item[s] of child pornography had been transported, shipped or mailed in interstate or foreign commerce or by utilizing such a facility, including by computer or cellular telephone on the Internet; and
3. When the Defendant possessed the item[s], the Defendant believed the item[s] were or contained child pornography (and, in this instance, contained items of those under 12 years of age).

JOHN P HEEKIN
United States Attorney

_____
LAUREN COBB
Attorney for Defendant
Florida Bar No.: 52022
3 W. Garden Street, Ste. 200
Pensacola, FL 32502
(850) 437-9410

_____
DAVID L. GOLDBERG
Assistant U.S. Attorney
Northern District of Florida
Member of the Maryland Bar
21 East Garden Street, Suite 400
Pensacola, Florida 32502
(850) 444-4000

10/23/25
Date

10/23/25
Date

_____
MICHAEL D. WHITACRE, JR.
Defendant