IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 3:25cr88/MCR

MICHAEL D. WHITACRE, JR.

_____/

**PLEA AGREEMENT**

1. PARTIES TO AGREEMENT

This agreement is entered into by and between Michael D. Whitacre, Jr. as the defendant, Lauren Cobb as attorney for the defendant, and the United States Attorney for the Northern District of Florida. This agreement specifically excludes and does not bind any other state or federal agency, including other United States Attorneys and the Internal Revenue Service, from asserting any civil, criminal, or administrative claim against the defendant.

2. TERMS

The parties agree to the following terms:

a. The defendant will plead guilty to Count One (Child Exploitation Enterprise); Count Three (Distribution of Child Pornography); and Count Five (Possession of Child Pornography) of the Indictment, and the government will move to dismiss the remaining counts upon final adjudication. As to Count One, the

1



defendant faces a mandatory minimum term of twenty years' up to life imprisonment, mandatory five years up to a lifetime of supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Count Three, the defendant faces a mandatory minimum term of five years' up to life imprisonment, mandatory five years up to a lifetime of supervised release, a $250,000 fine, and a $100 special monetary assessment. As to Count Five, the defendant faces up to twenty years' imprisonment, mandatory five years up to a lifetime of supervised release, a $250,000 fine, and a $100 special monetary assessment. Defendant also faces a potential assessment of up to $35,000 pursuant to 18 U.S.C. § 2259A. The defendant agrees to pay the special monetary assessment(s) on or before the date of sentencing. The defendant reserves his right to appeal the denial of his motion to suppress in this case.

If the defendant is unable to pay the special assessment prior to sentencing due to indigence, the defendant agrees to participate in the Inmate Financial Responsibility Program.

The maximum sentence to which the defendant is subject includes the forfeiture of all forfeitable assets as noted below.

  b. By voluntarily pleading guilty to the charge(s) in the Indictment, the defendant, as to the count(s) pled herein, knowingly waives and gives up constitutional rights which attend a defendant on trial in a criminal case. These

constitutional rights include: the right to plead not guilty; the right to have a jury or judge determine guilt on the evidence presented; the right to compel the government to prove guilt beyond a reasonable doubt; the right to confront and cross-examine witnesses; the right not to be compelled to incriminate oneself; the right to testify; the right to present evidence; and the right to compel the attendance of witnesses.

    c.    The defendant is pleading guilty because the defendant is in fact guilty of the charges alleged in Counts One, Three, and Five of the Indictment. In pleading guilty, the defendant acknowledges that were this case to go to trial, the government would present evidence to support the charges beyond a reasonable doubt.

    d.    Upon the District Court's adjudication of guilt of the defendant for the charged crimes, the United States Attorney, Northern District of Florida, will not file any further criminal charges against the defendant arising out of the same transactions or occurrences to which the defendant has pled. The defendant agrees that substantial evidence exists to support the charges, as indicated in the agreed-upon statement of facts incorporated by reference into this plea agreement.

    e.    Nothing in this agreement shall protect the defendant in any way from prosecution for any offense committed after the date of this agreement.

    f.    If the defendant is not a citizen of the United States, the defendant understands that this conviction may adversely affect the defendant's immigration

status, and the defendant may be removed from the United States, denied citizenship in the United States, and denied admission to the United States in the future.

    g.    The parties agree that the sentence to be imposed is left solely to the discretion of the District Court, which is required to consult the United States Sentencing Guidelines and take them into account when sentencing the defendant. The parties further understand and agree that the District Court's discretion in imposing sentence is limited only by the statutory maximum sentence and any mandatory minimum sentence prescribed by statute for the offense(s).

    h.    Both parties reserve the right to advise the District Court and other authorities of their versions of the circumstances surrounding the offense(s) committed by the defendant. The United States Attorney further reserves the right to correct any misstatements by the defendant or the defendant's attorney and to present evidence and make arguments pertaining to the application of the sentencing guidelines and the considerations set forth in 18 U.S.C. § 3553(a), including sentencing recommendations, and whether departure or variance upward or downward is appropriate.

    i.    The defendant has been advised and understands that, under the Sex Offender Registration and Notification Act, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the

defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that the defendant must update the defendant's registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

### 3. SENTENCING

a.  The defendant understands that any prediction of the sentence that may be imposed is not a guarantee or binding promise. Due to the variety and complexity of issues that may arise at sentencing, the sentence may not be subject to accurate prediction.

b.  The parties understand and agree that either party may offer additional evidence relevant to sentencing issues. However, the Court is not limited to consideration of the facts and events provided by the parties. Adverse rulings or a sentence greater than anticipated shall not be grounds for withdrawal of the defendant's plea.

c.  The parties reserve the right to appeal any sentence imposed.

## 4. VICTIM RESTITUTION

The defendant agrees to make full restitution to any victims, if applicable, as determined by the Court. The defendant agrees that the amount of restitution may include losses resulting from related conduct for which the defendant was not convicted, if the loss flowed directly from the relevant conduct of which the defendant was a part.

## 5. FORFEITURE OF ASSETS

a.  The defendant agrees to forfeit to the government immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, whether in the possession or control of the government, the defendant, or the defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following: A maroon Motorola One 5G Ace cellular telephone, IMEI # 355574111459553, which facilitated the offense(s) to which the defendant is pleading guilty.

b.  The defendant acknowledges and agrees that the defendant used the above-listed asset(s) in the commission of the offense(s). The defendant consents to the entry of the forfeiture order into the Treasury Offset Program.

c.  The defendant admits and agrees that the conduct described herein and in the incorporated statement of facts provides a provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government, and

hereby agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, judicial, or administrative forfeiture action. The defendant hereby withdraws all claims and petitions that the defendant has filed in any forfeiture proceeding. The defendant also agrees to waive all challenges to any federal criminal, civil, judicial, or administrative forfeiture proceeding carried out in accordance with this Plea Agreement on any waivable ground.

      d.    At his sole discretion, the United States Attorney may decline to forfeit assets when the value, or level of equity, or interests not subject to forfeiture, or costs, or other factors make profitable forfeiture impractical.

      e.    Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

      f.    A maroon Motorola One 5G Ace cellular telephone, IMEI # 355574111459553 was seized from the residence of the defendant. The government and defendant hereby agree that any computer equipment, as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of law enforcement is subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime(s) to which the defendant has pled guilty. As such, the defendant hereby relinquishes all claim, title and interest the defendant

has in the computer equipment and peripherals to the government with the understanding and consent that Homeland Security Investigations, or other appropriate agency, may destroy forthwith the computer equipment described above without further obligation or duty whatsoever owing to the defendant or any other person. As part of the plea agreement in this case, the defendant hereby states under penalty of perjury that the defendant is the sole and rightful owner of the property, and that the defendant hereby voluntarily abandons all right and claim to and consents to the destruction of the computer equipment described above.

## CONCLUSION

In every case in the Northern District of Florida in which the parties enter a Plea Agreement, the Court requires the parties to enter a sealed Supplement to Plea Agreement indicating whether or not the defendant agrees to cooperate with the government. The parties agree to the Supplement to Plea Agreement entered in this case.

The defendant enters this agreement knowingly, voluntarily, and upon advice of counsel.

|  |  |
|---|---|
|  | JOHN P HEEKIN<br>United States Attorney |
| *(signature)* | *(signature)* |
| LAUREN COBB<br>Attorney for Defendant<br>Florida Bar No.: 52022<br>3 W. Garden Street, Ste. 200<br>Pensacola, FL 32502<br>(850) 437-9410 | DAVID L. GOLDBERG<br>Assistant U.S. Attorney<br>Northern District of Florida<br>Member of the Maryland Bar<br>21 East Garden Street, Suite 400<br>Pensacola, Florida 32502<br>(850) 444-4000 |
| 10/23/25<br>Date | 10/23/25<br>Date |
| *(signature)*<br>MICHAEL D. WHITACRE, JR.<br>Defendant |  |